UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**AEGIS SECURITY INSURANCE COMPANY,**

               **Plaintiff,**

       v.                                     5:19-CV-1184
                                                       (FJS/ATB)
**ROYAL ENVIRONMENTAL, INC. and
DANNY L. PRICE,**

               **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **ROMANO, GARUBO & ARGENTIERI**<br>52 Newton Avenue<br>Woodbury, New Jersey 08096<br>Attorneys for Plaintiff | **MICHAEL F.J. ROMANO, ESQ.** |
| **ROYAL ENVIRONMENTAL, INC.**<br>Defendant | **NO APPEARANCE** |
| **DANNY L. PRICE**<br>Defendant | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

On or about May 31, 2016, Plaintiff filed a complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, against Janine Price, Defendant Royal Environmental, Inc. and Defendant Danny L. Price a/k/a Daniel L. Price (hereinafter referred to as the "Montgomery County Pennsylvania Action"). *See* Dkt. No. 12-2 at 1. The parties reached a settlement in that action; and, on March 1, 2018, caused a Stipulation of Settlement ("Stipulation") to be filed with the

Montgomery County Court of Common Pleas. *See id.* Pursuant to that Stipulation, the parties agreed that Plaintiff would discontinue the Montgomery County Pennsylvania Action as to Janine Price, which it did on March 1, 2018, upon the filing of a Praecipe to Discontinue Action with the Montgomery County Court of Common Pleas. *See id.*

In addition, pursuant to the Stipulation, Defendants were to pay Plaintiff the total sum of $110,000 as settlement in full of the Montgomery County Pennsylvania Action as follows: $40,000 upon the execution of the Stipulation, $30,000 on or before December 1, 2018, and $40,000 on or before December 1, 2019. *See id.* To further secure the settlement, Plaintiff and Defendants agreed that Plaintiff would hold a properly executed Consent Judgment in favor of Plaintiff and against Defendants in the full amount of $333,353.71, which would be submitted to the Court only upon a default under the Stipulation. *See id.* at 2. Defendants made the first $40,000 payment upon the execution of the Stipulation but, despite demand, failed to make any additional payments. *See id.* Defendants defaulted on their obligations under the Stipulation by failing to make the payment due on December 1, 2018. *See id.* Despite multiple demands, Defendants did not make that payment, and they remain in default under the Stipulation in the amount of $293,353.71 plus costs of suit and interest at the judgment rate. *See id.*

Plaintiff filed the instant action in this Court on September 24, 2019. *See id.* (citing DK. 1). Plaintiff properly served Defendant Danny L. Price with the Summons, Complaint, Notice, General Order #25, Case Management Plan, Case Assignment Form, and Disclosure Statement personally and on behalf of Defendant Royal Environmental, Inc. on November 27, 2019. *See id.* Plaintiff filed affidavits of service on December 23, 2019. *See id.* (citing Dks. 8 & 9). Plaintiff filed its request for entry of default on December 30, 2019, *see id.* (citing Dk. 10), which the Clerk entered on

December 31, 2019, *see id.* (citing Dk. 11).

Pending before the Court is Plaintiff's motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 12.

## II. DISCUSSION

A.  **Rule 55 of the Federal Rules of Civil Procedure**

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk, "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases[.]" Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing, among other things, that "[a] party shall accompany a motion to the Court for entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), with a **clerk's certificate of entry of default** . . ., a **proposed form of default judgment**, and a copy of the pleading to which no response has been made").

**B.     Liability**

By failing to answer or otherwise defend this action, Defendants are deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)). However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief." *Wells Fargo Bank, N.A. v. Burns*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL 6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

In its complaint, Plaintiff asserts two causes of action. *See, generally*, Dkt. No. 1. The first cause of action seeks enforcement of the Consent Judgment that Plaintiff filed in the Montgomery County, Pennsylvania Action on May 29, 2019. *See id.* at ¶¶ 19-26. In its second cause of action, Plaintiff asserts that Defendants breached the General Agreement of Indemnity by defaulting on its terms and provisions. *See id.*

In the Montgomery County, Pennsylvania Action, the parties' Stipulation of Settlement provides, in pertinent part, as follows:

> WHEREAS, pursuant to paragraph 6 of the General Agreement of Indemnity, the defendant, Danny Price agreed to "indemnify defend and hold harmless Surety from and against any and all liability loss, cost, damage and expense of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel, attorneys, consulting, accounting and other professional trade fees, whether incurred on a flat fee per claim, percentage, time and material, hourly or other basis, including the costs of inhouse processionals)";
>
> \* \* \* \* \* \* \* \* \*

**NOW, THEREFORE**, the Parties agree that the above-captioned matter, be and is hereby settled as follows:

\* \* \* \* \* \* \* \* \*

2. Defendants, Royal and Danny Price agree to pay Aegis the total settlement amount of $110,000.00 as settlement in full of this matter upon the following terms and conditions: $40,000.00 simultaneous with the execution of this Stipulation; $30,000.00 on or before December 1, 2018 and $40,000.00 on or before December 1, 2019. This Stipulation shall not become effective until such time as the February 6, 2018 payment is received in good funds by Aegis and has cleared its account.  All Payments shall be made payable to Aegis Security Insurance Company via certified check and sent directly to Aegis at 4507 North Front Street, Suite 200, Harrisburg, Pennsylvania 17110;

\* \* \* \* \* \* \* \* \*

3. To further secure the settlement of this matter, the Parties agree that Aegis will hold a properly executed Consent Judgment in favor of Aegis and against Royal and Danny Price in the full amount of       $ 333,353.71 which will be submitted for filing with the Court only upon default hereunder as is more specifically set forth in paragraph 5 below.  Upon receipt of all payments timely and in full as set forth in paragraph 2, Aegis will cause the Consent Judgment to be destroyed.

\* \* \* \* \* \* \* \* \*

5. Aegis, Royal and Danny Price acknowledge, consent to and agree that, in the event that Aegis fails to receive any payment referenced in Paragraph 2 hereof on the respective due dates set forth in said paragraph, or within ten (10) days thereof, Defendants Royal and Danny Price hereby grant to Aegis the right to entry of the Consent Judgment against them in the full amount of $333,353.71, plus interest accrued on that amount from date of default, until paid, plus attorney's fees and costs less any payments made to Aegis prior to said default. Defendants Royal and Danny Price waive all defenses to the entry of the judgment other than as to timely payment in full hereunder.

*See* Dkt. No. 1-5, Exhibit "E."

Based on the facts set forth in the Complaint and in the attachments thereto, in particular Exhibit "E," The Stipulation of Settlement, and Exhibit "G," the Consent Judgment, the Court finds that Plaintiff has established Defendants' liability.

**C.    Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id*. (citing Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because

damages are calculable based on the documentary evidence that Plaintiff has provided. Specifically, Plaintiff demonstrated that, when Defendants failed to make the required payment on December 1, 2018, Plaintiff filed a Consent Judgment in the full amount of the settlement – $333,353.71 – with the court and then deducted the initial $40,000 payment that Defendants had made, leaving a total of $293,353.71 due and owing pursuant to the Stipulation of Settlement and the Consent Judgment. Therefore, the Court grants Plaintiff's motion for a default judgment in that amount, plus costs of suit and interest at the judgment rate.

### III. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is **GRANTED** in the amount of **$293,353.71** plus interest on that amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a); and the Court further

**ORDERS** that, with regard to Plaintiff's request for costs of suit, pursuant to Rule 54(d)(1) and N.D.N.Y. L.R. 54.1(a), Plaintiff "shall file, within thirty (30) days after entry of judgment, a verified bill of costs on the forms that the Clerk provides . . . [and] shall accompany its request with receipts indicating that the party actually incurred the costs that it seeks . . . ."  N.D.N.Y. L.R. 54.1(a); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendants and close this case.

**IT IS SO ORDERED.**

Dated: June 9, 2020
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Judge